March 13, 2003

Ms. Karen Lundquist
Executive Director
Texas Ethics Commission
P. O. Box 12070, Capitol Station
Austin, Texas 78711-2070

Opinion No. GA-0036

Re: Whether the Texas Ethics Commission, in providing to the respondent in a commission-initiated complaint information that was obtained in connection with another sworn complaint, violates the confidentiality provision of section 571.140 of the Government Code (RQ-0601-JC)

Dear Ms. Lundquist:

Your predecessor asked this office whether the Texas Ethics Commission ("the Commission") would violate section 571.140 of the Government Code if, pursuant to section 571.124(e) of the Government Code and sections 12.53 and 12.67 of the Commission's rules, it provided to the respondent in an investigation initiated by the Commission documents related to an investigation of the same underlying state of affairs that had been initiated by a sworn complaint against another respondent.[1]

The Commission is charged by the Government Code with the administration and enforcement of chapters 302, 303, 305, 572, and 2004 of the Government Code, subchapter C of chapter 159 of the Local Government Code, and title 15 of the Election Code. *See* TEX. GOV'T CODE ANN. § 571.061(a) (Vernon Supp. 2003). It evaluates the sufficiency of sworn complaints and initiates preliminary reviews based on them. *See generally id.* §§ 571.121-571.140 (Vernon 1994) (chapter 571, subchapter E). It may also initiate a preliminary review of an alleged violation on a Commission motion supported by an affirmative record vote. *See id.* § 571.124(b). In the context of an investigation, the Commission is obliged to provide notice of the allegation to the respondent, including a copy of the complaint. *See id.* § 571.124(d)-(e)(1). Commission Rule 12.67 requires that, with some exceptions, "[w]hen this title requires a copy of the sworn complaint to be provided to the complainant or respondent, the copy shall include all documents submitted with the complaint . . . ." 1 TEX. ADMIN. CODE § 12.67 (2002). Before the Commission holds a formal hearing on a complaint, it must provide "to the complainant, if any, and to the respondent . . . copies of all documents expected to be introduced as exhibits at the hearing." TEX. GOV'T CODE ANN. § 571.131(a)(2) (Vernon 1994).

---

[1]*See* Letter from Tom Harrison, Executive Director, Texas Ethics Commission, to Honorable John Cornyn, Texas Attorney General (Aug. 29, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

You indicate that, on occasion, a violation alleged in a sworn complaint against one party may also implicate a second, with respect to whom the Commission may wish to initiate a review on its own motion.[2] Accordingly, the Commission must provide notice to the second respondent. Although this is not expressly provided in chapter 571, the Commission assumes that a respondent who is the subject of a motion under subsection 571.124(b) is entitled to notice including the records relating to that motion under subsections 571.124(d) and (e)(1) and Rule 12.67. If the Commission includes in that notice the documents related to the underlying matter filed in connection with the sworn complaint against the first respondent, you fear that the Commission may violate the provisions of section 571.140 of the Government Code.

The actual language of section 571.124 does not, standing alone, require that the documents be given to a respondent in a Commission-initiated action. Subsection (e) of section 571.124 refers to the necessity of furnishing notice, including a "copy of the complaint," and subsections (c) and (d) refer to the Commission's jurisdiction over violations "alleged in a sworn complaint" or "in the complaint." However, section 12.53(b) of the Commission rules provides that a preliminary review initiated by the Commission "shall be deemed to be a sworn complaint for all purposes of this chapter." 1 TEX. ADMIN. CODE § 12.53(b) (2002). Accordingly, the Commission is required to provide the documents in question pursuant to its rules, which here fill a statutory gap and are a reasonable administrative construction of its duties. *See Osterberg v. Peca*, 12 S.W.3d 31, 51 (Tex. 2000) (stating that an agency's construction of a statute is entitled to "great weight").

Section 571.140 of the Government Code reads, in relevant part:

> (a) . . . [P]roceedings at a preliminary review or informal hearing performed by the Commission, a sworn complaint, and documents and any additional evidence relating to the processing, preliminary review, informal hearing, or resolution of a sworn complaint or motion are confidential and may not be disclosed unless entered into the record of a formal hearing or a judicial proceeding, except that a document or statement that was previously public information remains public information.
>
> . . . .
>
> (c) A person commits an offense if the person discloses information made confidential by this section. An offense under this subsection is a Class A misdemeanor.

TEX. GOV'T CODE ANN. § 571.140 (Vernon 1994). Accordingly, it appears that, on the one hand you believe that the Commission is bound by section 571.124(e) and Commission rules to provide this

---

[2]Telephone Conversation with Karen Lundquist, Executive Director, Texas Ethics Commission (December 2002).

information to the second respondent, while on the other hand you believe that the Commission is prohibited on pain of criminal liability from so doing.

We are instructed by the Code Construction Act to avoid such consequences as this in the interpretation of a statute, if it is possible to do so. *See id.* § 311.021(2) (Vernon 1998) (entire statute intended to be effective); (3) (just and reasonable result intended); (4) (result feasible of execution intended). In this instance, moreover, we are bound to give a limited construction to the word "disclose" in section 571.140 because the statute is penal in nature. "A court should strictly construe a statute imposing a penalty. Such a statute should be construed against those seeking to impose the penalty and in favor of those on whom such penalties would be imposed." *Howell v. Mauzy*, 899 S.W.2d 690, 704-05 (Tex. App.–Austin 1994, writ denied) (citations omitted). In our view, such a limited construction of the term "disclose" in section 571.140 both fulfills that obligation and obviates the difficulty that is suggested.

Chapter 571 of the Government Code does not define the word "disclose." Therefore it is to be given its common or ordinary meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). To "disclose" is defined by the *Oxford English Dictionary* as "to open up to the knowledge of others; to make openly known, reveal, declare." IV OXFORD ENGLISH DICTIONARY 738 (2d ed. 1989). Disclosing in this sense, therefore, is a making public of the confidential. In the context of the Texas Public Information Act, this office has long recognized that giving information to certain individuals or entities is not necessarily public disclosure. *See, e.g.,* Tex. Att'y Gen. ORD-565 (1990), ORD-501 (1988), ORD-481 (1987), ORD-468 (1987).

In the instance which concerns you, the documents are not made generally known. They are conveyed to the second respondent so that he may be allowed a reasonable opportunity to exercise his statutory rights with regard to any informal or formal hearing. *See* TEX. GOV'T CODE ANN. §§ 571.127(b) (Vernon 1994) (respondent may appear with counsel at informal hearing to provide evidence, including written statement); 571.131(a) (respondent has right to "copies of all documents expected to be introduced" at formal hearing). In interpreting the word "disclosure" for the purpose of its public information statute, the Nebraska Supreme Court held that "disclosure" referred "to the exposure of documents to public view and not simply to the transmission of a document to the subject of an agency's investigation." *State ex rel. Neb. Health Care Ass'n v. Dep't of Health & Human Servs.*, 587 N.W.2d 100, 102, 107 (Neb. 1998). It is precisely such transmission which is at issue here.

A broader interpretation of "disclose" which included the provision of the confidential matter under section 571.140 to a respondent would lead in a variety of ways to absurd and self-contradictory results. For example, as noted, the complaint itself is confidential under section 571.140, but upon the initiation of a preliminary review it must be provided to the respondent under section 571.124. Similarly, the same documents which are confidential under section 571.140 must, under section 571.131, be provided to the respondent in the event of a formal hearing. These contradictions would occur whether one were dealing with a second respondent, as here, or with the respondent to the original complaint, particularly in light of section 12.53(b) of the Commission rules, which collapses any distinction between Commission-initiated investigations and those

initiated by formal complaint. To determine that the provision of documents to a respondent was a prohibited disclosure would, accordingly, render the enforcement process of subchapter E generally unworkable. Such an interpretation is neither required by the statutory language nor permitted by the legal presumption that statutes are meant to be enforceable, meaningful, and internally coherent. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998). Rather, those provisions in chapter 571 and the Commission rules which require the release of information to respondents to Commission reviews are specific exceptions to the general rule of section 571.140.

We therefore conclude that the provision of documents related to the underlying matter that is the subject of an investigation initiated by motion of the commissioners to the respondent is not the disclosure of confidential information prohibited by section 571.140 of the Government Code.

We caution that such disclosure must not, under section 571.140, allow the second respondent to know of the existence of the complaint against the first. Therefore, while the second respondent must be provided the documents supporting a claim against him, such documents should be redacted insofar as they reveal that another person is also being investigated in the matter.

## S U M M A R Y

Under certain circumstances, the Texas Ethics Commission may be obliged under chapter 571 of the Government Code and Commission rules to provide documents relating to a sworn complaint against one respondent to another respondent. Doing so in those circumstances does not violate section 571.140 of the Government Code, so long as the documents are properly redacted.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee